| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-86(1) |
| | § | |
| SUMAIYA ALI | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Sumaiya Ali's ("Ali") *pro se* Motion for Sentencing Reduction under 3582(c)(2) and For Reduction of Sentence Under the First Step Act Concerning Programming and More Safety Valve Credit (#46). Having considered the motion, the record, and the applicable law, the court is of the opinion that Ali's motion should be DENIED.

On May 17, 2017, a one-count Information was filed in the Eastern District of Texas, Sherman Division, which charged Ali with False Statement Regarding International Terrorism, on or about May 5, 2015, in violation of 18 U.S.C. § 1001(a)(2). On December 13, 2017, pursuant to a Rule 11(c)(1)(C) binding Plea Agreement, Ali pleaded guilty to Count 1, and on February 13, 2018, in accordance with the plea agreement, Ali was sentenced to 30 months' imprisonment. On March 7, 2019, Ali filed the instant motion asking the court to reduce her sentence and either to order her to serve a portion of her sentence in a half-way house or on home detention.

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court

receives a motion from the Director of the Bureau of Prisons indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Ali fails to assert grounds for modification of her prison sentence that fall into any of the above-listed categories. Therefore, the court does not have authority to alter her sentence. *See United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *United States v. Aguilar*, No. C-02-278, 2009 WL 2923052, at *4 (S.D. Tex. Sept. 1, 2009); *see also In re Morris,* 345 F. App'x 796, 798 (3d Cir. 2009) (stating that a district court lacks the authority to modify a prison sentence to home confinement, absent a motion from the Bureau of Prisons); *United States v. Small*, No. 12-55, 2014 WL 107973, at *1-2 (D.D.C. Jan. 13, 2014) (denying defendant's motion to serve the balance of her sentence in home confinement); *United States v. Scott*, No. H-11-847, 2013 WL 1154315, at *1 (S.D. Tex. Mar. 19, 2013) ("[T]he Court is without jurisdiction to grant Defendant's request that she be allowed to serve the

remainder of her sentence in home confinement."); *United States v. Patel*, No. H-08-177, 2010 WL 518931, at *1 (S.D. Tex. Feb. 4, 2010) (finding that the court did not have authority to reduce defendant's sentence to a term of probation, house arrest, or lesser sentence); *United States v. Williams*, No. CR93-10012, 2009 WL 4432379, at *5 (W.D. La. Oct. 13, 2009), *aff'd*, 425 F. App'x 278 (5th Cir. 2011) (recognizing that a district court does not have "'inherent authority' to correct a perceived error in the application of the sentencing guidelines"); *United States v. Rosalez*, No. 2:05-CR-346, 2007 WL 2688510, at *1 (S.D. Tex. Sept. 12, 2007) (stating that the court did not have the power to place defendant on home confinement). Thus, Ali's motion to modify her sentence is denied.

Furthermore, the court declines to issue a judicial recommendation as to Ali's place of confinement at this time. Ultimately, the Federal Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of her sentence in a half-way house or on home confinement is best left to the discretion, experience, and expertise of the BOP. *See, e.g.*, *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate."); *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018) ("[T]he BOP is in the best position to determine whether RRC/halfway house placement would be of benefit to [the defendant] and to society in general."); *Creager v. Chapman*, No. 4:09-cv-713, 2010 WL

1062619, at *3 (N.D. Tex. Mar. 22, 2010) (stating that "nothing in the Second Chance Act of 2007, or 18 U.S.C. § 3621(b) entitles . . . any prisoner to placement in a residential reentry center"); *see also Grover v. Kallis*, No. 18-CV-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019).

Moreover, to the extent Ali asserts that the First Step Act of 2018, Public Law Number 115-391 ("First Step Act"), mandates that the BOP release her to a half-way house or home confinement for any period of time, she is in error. Under the current version of 18 U.S.C. § 3624(c), "the BOP is authorized to consider placing an inmate in a community correctional facility . . . . However, a prisoner is neither entitled nor guaranteed such placement for any minimum amount of time." *Kornfeld v. Puentes*, No. 119CV00263JLTHC, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019); *see* 18 U.S.C. § 3624(c)(1), (2).

Consistent with the forgoing analysis, Ali's motion is DENIED.

SIGNED at Beaumont, Texas, this 20th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE